**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARINO GOMEZ-HERNANDEZ,

Defendant.

Crim. No. 02-378 (3) ADM/AJB

**MEMORANDUM AND ORDER**

---

This matter is presently before the Court on Defendant's self-styled "Motion For Transcripts And Any Investigative Reports." (Docket No. 77.) Defendant is asking for free copies of various transcripts identified as "Motion hearing transcripts," "Plea Agreement Transcripts," and "Sentencing Transcript Hearing." He apparently intends to challenge the conviction and/or sentence entered against him in this matter by bringing a motion under 28 U.S.C. § 2255, and he apparently believes that the transcripts he is seeking will assist him in that endeavor.

However, a defendant in a federal criminal case is <u>not</u> automatically entitled to free copies of transcripts for use in connection with § 2255 post-conviction proceedings. The applicable statute, 28 U.S.C. § 753(f), provides that –

> "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose <u>if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal</u>." (Emphasis added.)

This statute clearly indicates that free transcripts do not have to be provided to indigent post-conviction petitioners in every case. "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he

demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993). See also United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979) ("it is clear that a majority of the [Supreme] Court [has] concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case").

In this case, Defendant has not identified any specific need for the transcripts he is requesting. To the contrary, it clearly appears that Defendant is seeking free transcripts simply to peruse them, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, free transcripts will not be provided for such purposes. See Fadayiro v. United States, 30 F.Supp.2d 772, 780 (D.N.J. 1998) ("[s]ection 753(f) prevents the situation in which an indigent prisoner obtains a free transcript merely to 'search for error in an attempt to generate a basis for collaterally attacking a conviction'"), quoting United States v. Marias, No. Crim. A. 92-256-2, (E.D.Pa. 1995), 1995 WL 221353 at *1. See also Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964) ("'[a]n indigent [criminal defendant] is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw'") (per curiam), quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); Prince v. United States, 312 F.2d 252, 253 (10th Cir. 1962) (per curiam) ("[t]here is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies").

Because Defendant has not shown a genuine need for a transcript, in order to support a specific claim in a pending proceeding, his request to have transcripts provided to him at the Government's expense must be denied.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Defendant's "Motion For Transcripts And Any Investigative Reports," (Docket No. 77), is DENIED.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 19, 2008.

[1] The Court further notes that motions for relief under 28 U.S.C. § 2255 must be brought within one year after a criminal defendant's conviction becomes final. (See 28 U.S.C. § 2255(f).) In this case, Defendant's conviction became final nearly five years ago. Therefore, it is now much too late for Defendant to challenge his conviction or sentence in a § 2255 motion, (which normally is the only post-conviction remedy available to federal prisoners).